This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**INARA CEDRINS,**

    Plaintiff-Appellant,

v.                                                    **NO. 30,130**

**RICHARD SHAPIRO,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Inara Cedrins
Chicago, IL

Pro Se Appellant

Richard Shapiro
Santa Fe, NM

Pro Se Appellee

### MEMORANDUM OPINION

**FRY, Chief Judge.**

    In this legal malpractice case, the calendar notice proposed to dismiss the appeal for lack of a final order. [CN1]   Plaintiff has filed a response that does not attach a

final appealable order or otherwise demonstrate finality in the proceedings below.

[MIO] We dismiss the appeal for lack of a final order.

**DISCUSSION**

As we discussed in the calendar notice, Plaintiff appeals from an oral ruling made at a January 5, 2010, hearing. [RP 50] The notice of appeal was filed on January 6, 2010. [RP 50] The docketing statement was filed on January 7, 2010. [DS] At the time this Court filed the first calendar notice, moreover, the case was proceeding on Defendant's counterclaims for abuse of process and intentional infliction of emotional distress. [RP 18] In addition, the district court docket sheet showed pending matters, including a hearing on an order to show cause that was set for March 25, 2010, a pretrial conference scheduled for September 3, 2010, and a docket call in October 2010. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 ("Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion."); *see also Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (stating that generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible).

With regard to Plaintiff's appeal from the January 5, 2010 oral ruling, this Court provided Plaintiff with a chance in the memorandum in opposition to the calendar notice to demonstrate to this Court that the district court had entered a written, final,

appealable judgment on all matters that were pending before it in this case, together with a copy of any such judgment. Plaintiff did not do so, and therefore, this Court lacks the jurisdiction to review the merits of Plaintiff's appeal from the January 5, 2010 oral ruling as Plaintiff requests in her memorandum. [MIO]    To the extent that a final judgment adjudicating all pending counterclaims appears to have been filed in the district court on April 21, 2010, the January 6, 2010, notice of appeal filed from the January 5, 2010, oral ruling cannot be considered a timely, but premature, notice of appeal from the April 21, 2010, final judgment. *See* Rule 12-201(A)(2) NMRA (stating that, "[a] notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof"). The January 6, 2010, notice of appeal merely references the January 5, 2010 oral ruling, and it does not indicate that the district court had "announced a decision" on the pending counterclaims at that time.

**CONCLUSION**

We dismiss this appeal for lack of a final order.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**